DETERMINED IN THE

# SECOND DEPARTMENT

AT

## GENERAL TERM,

𝔉𝔢𝔟𝔯𝔲𝔞𝔯𝔶, 1880.

---

WILLIAM H. DUNNING AND OTHERS, SURVIVING TRUS-
TEES, ETC., UNDER THE WILL OF JACOB A. ROBERTSON,
DECEASED, APPELLANTS, *v.* NANCY FISHER AND OTHERS,
RESPONDENTS.

*Foreclosure — failure to serve the mortgagor — purchaser entitled to the rights of a*
*mortgagee in possession — Covenant by a grantee, to assume a mortgage — what*
*consideration is sufficient to sustain it.*

In 1856 one Howell purchased certain lands upon which there were then two
mortgages, one for $5,500, and the other for $1,800. The payment of the first
mortgage was assumed by Howell in his deed, but no reference was made
therein to the second. In 1857 the second mortgage was foreclosed, the
summons being served on Howell by publication. Upon the sale the owner of
the second mortgage purchased and took possession of the land, paid taxes,
and subsequently satisfied the first mortgage. Thereafter the premises were
conveyed to various persons, and finally by a deed, with covenants of war-
ranty, etc., to the defendant Clara B. Leavitt, a married woman, who bought
them subject to a $15,000 mortgage given by one of her grantors, of which she
assumed the payment.

It appeared that Howell was dead at the time it was attempted to serve the
summons on him by publication. In November, 1878, the heirs of Howell
brought an action of ejectment against the defendant Leavitt, and recovered a
judgment therein by default.

In this action commenced in December, 1878, to foreclose the $15,000 mortgage
and hold the said Clara B. Leavitt liable for any deficiency, she denied her
liability therefor, on the ground that as no title passed to her from her grantor,
there was no consideration for her covenant to assume the mortgage.

*Held,* that she was in possession of the premises as a mortgagee in possession.

That being so in possession, the heirs of the mortgagor could not maintain eject-
ment against her.

That the evidence as to the action of ejectment was to be entirely disregarded in the present action.

That her right to sue on the covenants of title, contained in the deed from her grantor, was sufficient to uphold her covenant to pay the mortgage.

APPEAL by the plaintiff from a judgment entered upon the trial of this action by the court without a jury.

The action was brought for the foreclosure of a bond and mortgage made by Nancy Fisher and Charles J. Fisher to the plaintiffs, December 21, 1869, to secure the payment of $15,000, with interest.

On the 19th of April, 1871, the Fishers conveyed the premises to Henry W. Fuller, subject to this mortgage, which Fuller assumed as part of the purchase money. The deed to Fuller contained covenants of seizin, of power to convey, against incumbrances, and of warranty.

On the 11th of September, 1874, Fuller conveyed to Clara B. Leavitt, who is a married woman, by a deed containing covenants of seizin, against incumbrances and of warranty — excepting, however, the plaintiffs' mortgage, which Clara B. Leavitt assumed to pay as part of the purchase money.

It is upon this covenant assuming the mortgage, contained in this deed, that the holders of the mortgage seek to hold Mrs. Leavitt personally liable.

The claim was resisted on the ground that Fuller, the defendant's grantor, and the Fishers his grantors, had no title to the mortgaged premises, that no estate passed by the deed to Mrs. Leavitt, and the consideration for her covenant failed.

Fuller's title was derived from one Roberts, who purchased March 13th, 1858, at a sale under a judgment for the foreclosure of a mortgage made by one William Tasker, then the owner of the premises, to him, Roberts, on the 15th day of May, 1856, to secure the payment of $1,800 and interest.

Tasker conveyed the premises to Ephraim H. Howell October 1, 1856.

Two mortgages, one for $5,500 and for $1,800, were then liens upon it. Howell assumed the payment of the $5,500 mortgage in his deed, but made no reference to the $1,800 one.

Howell died in October, 1857, intestate, leaving a widow and

five minor children.    After the death of Howell, Roberts brought a suit to foreclose his $1,800 mortgage.

Howell's death being unknown to the parties they procured an order directing the summons to be served upon him by publication and judgment of foreclosure was entered thereon.    At a sale under this judgment Roberts, the mortgagee, purchased and took a deed from the referee March 18, 1858.    Roberts went into possession under the deed, as did his grantees down to Mrs. Leavitt.

On the 22d April, 1878, the four surviving children of Ephraim H. Howell, commenced an action in this court against said Clara B. Leavitt, the plaintiffs and the said Roberts, claiming that the said Roberts and all of his grantees " were only mortgagees in possession of said lands, and chargeable as such with all the rents, issues and profits of the said lands," and claiming an accounting and the right to redeem from said Roberts' mortgage.    The defendant Clara B. Leavitt appeared and answered in said action, claiming to be rightfully in possession of the premises, and setting up the statutes of limitation against the rights of the plaintiffs in that action.    The plaintiffs in this action and also Roberts appeared and defended that action.

While the action to redeem was pending, and on the 7th November, 1878, the Howells commenced an action of ejectment against Mrs. Leavitt and her husband, no answer was put in, and on the 29th November, 1858, judgment was rendered in favor of the Howells by default.    A writ of possession was issued and the Howells were put in possession by the sheriff, and James M. Leavitt became a tenant of the Howells.

The plaintiffs commenced this action of foreclosure December 12, 1878, and sought therein to hold Clara B. Leavitt liable for any deficiency in the sale.    The defendant, Clara B. Leavitt, appeared and answered, setting up her eviction by the Howells and demanding a dismissal of the complaint.    Her husband answered, claiming that he holds as tenant of the Howells, and not subject to plaintiff's mortgage.

The court held that the Leavitts were evicted by a paramount title of the Howells.    And that by the conveyance of Fuller to Mrs. Leavitt she derived no estate, right, title, interest or claim in the premises, and that her agreement to assume the

mortgage was without consideration, and that the consideration for the conveyance by Fuller has wholly failed.

*D. P. Barnard*, for the appellants.

*F. A. Ward* and *James Emott*, for the respondents.

BARNARD, P. J. :

The defendant, Clara B. Leavitt, took title to the premises covered by the mortgage in question from one Henry W. Fuller. Her conveyance was made subject to the plaintiffs' mortgage, and she assumed to pay it as part of the purchase money. Fuller acquired title of a Mrs. Fisher. She gave the mortgage in question to the plaintiffs. The source of title, so far as the same is material for the consideration of this case, dates from a foreclosure action commenced in 1857. The then owner of the equity of redemption, one Ephriam H. Howell, was made a defendant and served by publication. He was in fact dead at the time of the service of the summons in this way. One Roberts bought at the foreclosure sale. There was a prior mortgage of $5,500 upon the premises at the time of the sale, and subject to which the sale was made. Howell was bound to pay both mortgages. Roberts, after he took the deed, paid the prior mortgage of $5,500, and sold free and clear to Coe. Coe sold to Fisher. I think that the defendant Leavitt was a mortgagor in possession, and could not be dispossessed by ejectment, and that she was bound to defend the action brought against her by the heirs of Howell. The effect of the various deeds from Roberts down to her was to place each of the grantees in privity with the mortgagee in the foreclosure action. Mrs. Leavitt's defence as mortgagor in possession is averred in the very complaint in ejectment by means of which she claims to have been evicted. The eviction, if not collusive, was entirely illegal, and the case must be considered as if there were no eviction. Mrs. Howell, without the eviction, is in possession under a deed with full covenants of title, and those full covenants are contained in all the deeds since the foreclosure.

The case does not show whether the statute of limitation has run against the Howell heirs. The defendant Howell has her action against her grantor upon the covenants of title, and this will

be sufficient to uphold her covenant to pay the mortgage in question.

The judgment should be reversed and a new trial granted, costs to abide event.

Present — BARNARD, P. J., and PRATT, J.; GILBERT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.